UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM H. BALL,

       Plaintiff,

  v.

NP BOULDER LLC,
d/b/a BOULDER STATION,

       Defendant.

Case No. 2:24-cv-01451-RFB-EJY

**ORDER**

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint with Jury Demand. ECF Nos. 1, 1-1.  The IFP application is complete and granted.  Plaintiff's Complaint fails to state a claim upon which relief may be granted and is therefore dismissed without prejudice, but with leave to amend.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).   Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*   Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.      Plaintiff's Complaint

Plaintiff complains he applied but was not hired for a table games floorperson position with Boulder Station Casino.  Plaintiff says he is 74 years old and has 19 years of experience.  Plaintiff alleges he was never contacted or interviewed for the position the cause of which is his age.  Thus, the Court liberally construes Plaintiff's Complaint as attempting to state a claim under the Age Discrimination in Employment Act (the "ADEA").  However, before Plaintiff can bring this claim, he must exhaust his administrative remedies through the Equal Employment Opportunity Commission (the "EEOC") or state agency—the Nevada Equal Rights Commission ("NERC"). Plaintiff's Complaint evidences he did neither.

"Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an … [applicant] to pursue litigation under both Title VII and the ADEA." *Ramirez v. Kingman Hosp. Inc.*, 374 F.Supp.3d 832, 854 (D. Ariz. 2019) (citation omitted); *Rosseter v. Industrial Light & Magic*, Case No. C 08-04545 WHA, 2009 WL 764496, at *1 (N.D. Cal. Mar. 20, 2009) (to exhaust all administrative remedies under the ADEA, plaintiff must allege that he filed an administrative charge with the EEOC within 180 days of when the alleged unlawful practice occurred).  This same rule applies to claims filed under Nevada law.  *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) (internal citation omitted) (NRS 613.420 requires an applicant "alleging employment discrimination to exhaust his administrative remedies by filing a complaint with NERC before filing a district court action"); *Palmer v. State*, 787 P.2d 803, 804 (Nev. 1990) (citing *Copeland v. Desert Inn Hotel*, 673 P.2d 490 (Nev. 1983)) (the Nevada Supreme Court holds that and individual "claiming discrimination under NRS 613.420 is obligated

1   to file a claim with the NERC and to have that agency adjudicate the claim before it can properly be

2   brought in district court").

3   **III.    Order**

4          Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma*

5   *pauperis* (ECF No. 1) is GRANTED.

6          IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without

7   prejudice and with leave to amend.

8          IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, he **must**

9   do so no later than **September 6, 2024**.  The amended complaint must establish Plaintiff filed a

10   charge of discrimination before the EEOC or NERC alleging age discrimination against Boulder

11   Station or otherwise state a cause of action upon which relief may be granted.  Plaintiff is advised

12   that if he files an amended complaint, the original Complaint (ECF No. 1-1) no longer serves any

13   function in this case.  As such, the amended complaint must be complete in and of itself without

14   reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other

15   documents to make Plaintiff's amended complaint complete.

16          IT IS FURTHER ORDERED that failure to comply with this Order may result in a

17   recommendation that this action be dismissed.

18          Dated this 9th day of August, 2024.

19

20   _____
     ELAYNA J. YOUCHAH
21   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28